| | |
|---|---|
| WORLD SKATEBOARDING FEDERATION, INC., a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL SKATEBOARDING FEDERATION, a Pennsylvania non-profit corporation; GARY REAM, an individual; and DOES 1 to 20,<br><br>Defendants. | No. 2:16-cv-02065-KJM-GGH<br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

After the court granted a motion to dismiss with leave to amend, plaintiff did not file a new complaint. Plaintiff also did not respond to a subsequent order to show cause. Defendants requested a dismissal with prejudice, and plaintiff filed a notice of voluntary dismissal without prejudice later the same day. The court later ordered a dismissal with prejudice and entered judgment. Plaintiff now moves to set aside the judgment as void or to amend the judgment. Because the judgment is void under Federal Rule of Civil Procedure 60(b)(4), the court GRANTS plaintiff's motion. Plaintiff's notice of voluntary dismissal resulted in a dismissal without prejudice.

/////

1

## I. BACKGROUND

World Skateboarding Federation, Inc. (World Skateboarding), filed a complaint in the Superior Court of California, Placer County, naming the International Skateboarding Federation and Gary Ream as defendants. ECF No. 1 at 5–6, Ex. 1. Defendants removed the case to this court. *Id.* at 1–3. Defendants moved to dismiss, arguing in part that this court lacked personal jurisdiction over defendants. ECF No. 4-1 at 9–12. In its order granting defendants' motion to dismiss, the court ruled that it lacked jurisdiction over defendants, but granted World Skateboarding leave to amend its complaint within fourteen days. ECF No. 28 at 9–10.

After World Skateboarding took no action, the court ordered World Skateboarding to show cause, by May 1, why the case should not be dismissed for failure to prosecute. ECF No. 29. World Skateboarding did not respond by May 1. Defendants then filed a request for dismissal with prejudice, and World Skateboarding filed a notice of voluntary dismissal without prejudice later the same day. ECF Nos. 30–31. About two months later, the court issued an order dismissing the complaint with prejudice and entering judgment. ECF Nos. 32–33.

World Skateboarding now moves to set aside the judgment as void under Federal Rule 60(b)(4) or to amend the judgment and accompanying order to reflect dismissal without prejudice under Federal Rule of Civil Procedure 59(e). ECF No. 34-1. Defendants filed a letter response, stating, "Based on the Court's ruling that it lacked personal jurisdiction, it appears that the proper order is to dismiss the case without prejudice." ECF No. 37 at 1. Because the court grants World Skateboarding's motion to set aside the judgment as void, the court does not address World Skateboarding's alternative argument to amend the judgment and accompanying order under Rule 59(e).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b)(4), the court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." For example, where the district court issuing a default judgment lacks personal jurisdiction over the defendant, the default judgment is void and must be vacated. *Walker & Zanger (W. Coast)*

/////

1 *Ltd. v. Stone Design S.A.,* 4 F. Supp. 2d 931, 934 (C.D. Cal. 1997), *aff'd,* 142 F.3d 447 (9th Cir. 1998). No time limit applies to a motion to vacate a judgment as void. *Id.*

III. <u>DISCUSSION</u>

World Skateboarding first argues that its filing of a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41 deprived the court of jurisdiction to dismiss the case with prejudice and enter judgment. ECF No. 34-1 at 2–3. The court agrees.

One way a plaintiff may voluntarily dismiss a case "without a court order" is to file "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). This dismissal "is without prejudice" unless the notice states otherwise. *Id.* 41(a)(1)(B). The Ninth Circuit has plainly stated, "[o]nce the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Duke Energy Trading & Mktg., L.L.C. v. Davis,* 267 F.3d 1042, 1049 (9th Cir. 2001) (citing *Commercial Space Mgmt. Co. v. Boeing Co.,* 193 F.3d 1074, 1077 n.4 (9th Cir. 1999). "[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Commercial Space Mgmt.*, 193 F.3d at 1078.

Here, defendants had not filed an answer or a motion for summary judgment before World Skateboarding filed its notice of voluntary dismissal on May 1. ECF No. 31. The court's order dismissing the case with prejudice and entering judgment did not occur until more than two months after this notice. ECF Nos. 32–33. Thus, under the federal rules and binding Ninth Circuit authority, this court lacked jurisdiction to have issued that order and entered judgment. The judgment is therefore void under Federal Rule of Civil Procedure 60(b)(4).

That the court issued an order granting defendants' motion to dismiss with leave to amend, ECF No. 28, does not change the analysis. *See Miller v. Reddin*, 422 F.2d 1264, 1265–66 (9th Cir. 1970) (holding that an action "was subject to [Rule 41(a)(1)] voluntary dismissal until such time as there was an entry of judgment" even where "[t]he district court heard arguments on

the motion to dismiss" and "ordered the action dismissed"); *Oliver v. Haviland*, No. CIV S-08-2282 FCD EFB P, 2010 WL 1010044, at *1 (E.D. Cal. Mar. 16, 2010). Although a court may convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment, the court did not do so here. *See* ECF No. 28 at 5, 9 (granting Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction); *Swedberg v. Marotzke*, 339 F.3d 1139, 1142–45 (9th Cir. 2003) (requiring district court to "take some affirmative action" to convert Rule 12(b)(6) motion to motion for summary judgment before that motion could preclude Rule 41(a)(1) notice of voluntary dismissal from taking effect).

IV. <u>CONCLUSION</u>

The court GRANTS World Skateboarding's motion to set aside the judgment at ECF No. 33. The judgment at ECF No. 33 is void, and this case is dismissed without prejudice based on World Skateboarding's notice of voluntary dismissal, ECF No. 31. This case remains CLOSED.

IT IS SO ORDERED.

DATED: January 19, 2018.

_____
UNITED STATES DISTRICT JUDGE